UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

|  |  |  |
|---|---|---|
| MITIL DORSELI, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 2:17-cv-00037-UA-CM |
| | ) | |
| GREGORIO GONZALEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT FOR DAMAGES,
COSTS OF LITIGATION AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1. This is an action by a farmworker formerly employed by Defendant Gregorio Gonzalez, Jr., planting sugarcane and harvesting sweet corn during 2014 and 2015. Plaintiff Mitil Dorseli brings this action to secure and vindicate his rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801, *et seq.* ("AWPA") and the Internal Revenue Code's prohibition on willful filing of fraudulent tax information forms.

2. Defendant, Gregorio Gonzalez, Jr. failed to comply with several of the AWPA's provisions for the protection of migrant and seasonal farmworkers. Among other things, Defendant failed to pay Plaintiff his wages when due, resulting in Plaintiff receiving less than the wages than they were owed. Defendant failed to include in his payroll records the full amount of

Plaintiff's earnings, resulting in Plaintiff's earnings being underreported to the Social Security Administration and the Florida Reemployment Assistance Program. The wage statements Defendant provided to Plaintiff underreported his earnings and omitted required data. At the time he recruited Plaintiff for sweet corn harvesting work in north-central Florida, Defendant failed to provide him with a written disclosure of the terms and conditions of the proffered employment, including required information regarding the worker's compensation insurance coverage with respect to his employment. Finally, Defendant Gonzalez transported Plaintiff in vehicles that lacked insurance coverage for personal injuries and property damage as required by the AWPA

3. Defendant Gregorio Gonzalez, Jr. willfully filed a fraudulent IRS Form W-2 for Plaintiff that underreported Plaintiffs' wages, resulting in tax liability for Plaintiff, and affecting Plaintiff's ability to claim Social Security benefits.

4. Plaintiff seeks actual and statutory damages for Defendant's violations of law. Plaintiff also requests the award of a reasonable attorney's fee pursuant to 26 U.S.C. §7434(b) and §448.08, Fla. Stat..

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court 29 U.S.C §1854(a), this action arising under the AWPA, and by 26 U.S.C. §7434, this action involving Defendant's willful filing of fraudulent tax forms.

6. Venue is proper under 28 U.S.C. §1391(b) because Defendant Gregorio Gonzalez is a resident of this district and the claims arose in substantial part within this district.

## PARTIES

7. Plaintiff is a lawful permanent resident of the United States who maintains his home in Belle Glade, Palm Beach County, Florida. During the period he was employed planting sugar cane or harvesting sweet corn in south Florida as a member of Defendant's labor crew, Plaintiff was a seasonal agricultural worker within the meaning of the AWPA, 29 U.S.C. §1802(10)(A), and its attendant regulations, 29 C.F.R. §500.20(r), in that he was employed on farms in and near Hendry County in agricultural employment of a seasonal nature performing field work related to planting or harvesting operations. During the period in which Plaintiff was employed by Defendant to harvest sweet corn in north-central Florida, Plaintiff was a migrant agricultural worker within the meaning of the AWPA, 29 U.S.C. § 1802(8)(A) in that he was were employed in agricultural employment of a seasonal nature and was required to be absent overnight from his permanent place of residence in Palm Beach County. At all times relevant to this action, Plaintiff was engaged in the production of sugar cane, sweet corn or other crops for sale in interstate commerce. Plaintiff is fluent only in the Haitian Creole language.

8. Defendant Gregorio Gonzalez, Jr. is a resident of Hendry County, Florida. At all times relevant to this action, Defendant Gonzalez was registered and operated as a farm labor contractor within the meaning of the AWPA, 29 U.S.C. §1802(7), in that in exchange for monetary payment, he recruited, transported and furnished Plaintiff and other migrant and seasonal agricultural workers for employment planting sugarcane or harvesting sweet corn.

9. Defendant Gregorio Gonzalez, Jr. operates a farm labor contracting business, based in Hendry County, Florida. In this business, Gonzalez recruits, solicits, hires, employs, furnishes, and transports seasonal and migrant agricultural workers to various farms. During the

period from approximately October through January, Defendant Gonzalez furnishes farm labor to sugar growers in Palm Beach and Hendry Counties, including United States Sugar Corporation to plant sugarcane. During the spring months, Gonzalez furnishes farm labor for harvesting sweet corn to growers in Palm Beach County. In the months of June and July, Gonzalez furnishes farm labor for harvesting sweet corn to growers in north-central Florida.

## COUNT I

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2014-15 south Florida sugarcane planting season)

10. This count sets forth a claim by Plaintiff for damages, injunctive relief and declaratory relief with respect to Defendant's violations of the AWPA and its attendant regulations during the 2014-15 sugarcane planting season in and near Hendry and Palm Beach Counties, Florida.

11. In or about October, 2014, Defendant Gregorio Gonzalez, Jr. hired Plaintiff for employment planting sugarcane in the area of Hendry and Palm Beach Counties during the 2014-15 planting season, extending from approximately October, 2014 through January, 2015.

12. At various points during the 2014-15 south Florida sugarcane planting season, Defendant employed Plaintiff for work planting sugarcane in Hendry and Palm Beach Counties. Plaintiff was compensated on a piece-rate basis for this labor.

13. Throughout the time Plaintiff was employed with Defendant's crew during the 2014-15 south Florida sugarcane planting season, Defendant transported or caused Plaintiff to be transported on a daily basis between Belle Glade and the jobsite in various vehicles. Defendant failed to have an insurance policy or liability bond insuring him in the requisite amounts against

liability for damage to persons and property arising from the transportation of Plaintiff in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

14. Defendant failed to make, keep and preserve accurate records as required by the AWPA, 29 U.S.C. §1831(c)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding Plaintiff's work during the 2014-15 south Florida sugarcane planting season. Among other things, Defendant's payroll records contained only a fraction of the labor performed by Plaintiff and included only a portion of his wages.

15. In violation of the AWPA, 29 U.S.C. §1831(c)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Defendant failed to provide to Plaintiff on each pay day during the 2014-15 south Florida sugarcane harvest with a written statement containing the data required to be disclosed under the statute and its implementing regulations. Among other things, the wage statements Defendant provided Plaintiff listed only a fraction of his earnings for the workweek and failed to show the number of pieces earned and the basis on which wages were paid.

16. Defendant failed to report to the Social Security Administration the full amount of Plaintiff's earnings during the 2014-15 south Florida sugarcane planting season. Defendant reported only a fraction of Plaintiff's earnings to the Social Security Administration.

17. Defendant failed to report to the Florida Reemployment Assistance Program the full amount of Plaintiff's earnings with Defendant's crew during the 2014-15 south Florida sugarcane planting season.

18. By his actions described in Paragraphs 16 and 17, Defendant failed to pay Plaintiff his wages when due for work performed with Defendant's crew during the 2014-15

south Florida sugarcane planting season, in violation of the AWPA, 29 U.S.C. §1832(a), and its implementing regulations, 29 C.F.R. §500.81.

19. Defendant Gregorio Gonzalez, Jr.'s violations of the AWPA as set forth in this count occurred as part of his regular business practices and were the natural consequences of his conscious and deliberate actions and were thereby intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

20. As a result of Defendant's violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff has suffered damages, including the loss of Social Security and reemployment assistance benefits to which he was entitled.

## COUNT II

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2015 south Florida spring sweet corn harvest)

21. This count sets forth a claim by Plaintiff for damages, injunctive relief and declaratory relief with respect to Defendant's violations of the AWPA and its attendant regulations during the 2015 south Florida spring sweet corn harvest in and near Palm Beach County, Florida.

22. In or about April, 2015, Defendant Gregorio Gonzalez, Jr. hired Plaintiff for employment harvesting sweet corn with Defendant's crew in the area of Palm Beach County during the 2015 south Florida spring sweet corn harvest, extending from approximately April through May, 2015.

23. At various points during the 2015 south Florida spring sweet corn harvest, Defendant employed Plaintiff for work harvesting sweet corn with Defendant's crew in the area

of Palm Beach County. Plaintiff worked pulling corn ears from corn stalks and was paid on a piece-rate basis for this labor.

24. Throughout the time Plaintiff was employed with Defendant's crew during the 2015 south Florida spring sweet corn harvest, Defendant transported or caused Plaintiff to be transported on a daily basis between Belle Glade and the jobsite in various vehicles. Defendant failed to have an insurance policy or liability bond insuring him in the requisite amounts against liability for damage to persons and property arising from the transportation of Plaintiff in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

25. Defendant failed to make, keep and preserve accurate records as required by the AWPA, 29 U.S.C. §1831(c)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding Plaintiff's work during the 2015 south Florida spring sweet corn harvest. Among other things, Defendant's payroll records contained only a fraction of the labor performed by Plaintiff and included only a portion of his wages.

26. In violation of the AWPA, 29 U.S.C. §1831(c)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Defendant failed to provide to Plaintiff, on each pay day during the 2015 south Florida spring sweet corn harvest, with a written statement containing the data required to be disclosed under the statute and its implementing regulations. Among other things, the wage statements Defendant provided Plaintiff listed only a fraction of his earnings for the workweek and failed to show the number of pieces earned and the basis on which wages were paid.

27. Defendant failed to report to the Social Security Administration the full amount of Plaintiff's earnings during 2015 south Florida spring sweet corn harvest. Defendant reported only a fraction of Plaintiff's earnings to the Social Security Administration.

28. Defendant failed to report to the Florida Reemployment Assistance Program the full amount of Plaintiff's earnings with Defendant's crew during the 2015 south Florida spring sweet corn harvest.

29. By his actions described in Paragraphs 27 and 28, Defendant failed to pay Plaintiff his wages when due for work performed with Defendant's crew during the 2015 south Florida spring sweet corn harvest, in violation of the AWPA, 29 U.S.C. §1832(a), and its implementing regulations, 29 C.F.R. §500.81.

30. Defendant Gregorio Gonzalez, Jr.'s violations of the AWPA as set forth in this count occurred as part of his regular business practices and were the natural consequences of his conscious and deliberate actions and were thereby intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1).

31. As a result of Defendant's violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff has suffered damages, including the loss of Social Security and reemployment assistance benefits to which he was entitled.

## COUNT III

### (Migrant and Seasonal Agricultural Worker Protection Act)
### (2015 north Florida sweet corn harvest)

32. This count sets forth a claim by Plaintiff for damages, injunctive relief and declaratory relief with respect to Defendant's violations of the AWPA and its attendant regulations during the 2015 north Florida sweet corn harvest.

33. In or about late May, 2015, Defendant Gregorio Gonzalez, Jr. recruited and hired Plaintiff for employment harvesting sweet corn with Defendant's crew in north Florida, in and

near Suwanee and Hamilton Counties during the 2015 north Florida sweet corn harvest, extending from approximately June through July, 2015.

34. At the time he recruited Plaintiff for work with his crew during the 2015 north Florida sweet corn harvest, Defendant failed to provide Plaintiff with a written statement in the Creole language of the terms and conditions of employment, as required by the AWPA, 29 U.S.C. §§1821(a) and (g), and its attendant regulations, 29 C.F.R. §§500.75(b) and 500.78. Among other things, Defendant failed to disclose to Plaintiff in writing that, in violation of Florida law, Defendant was not providing worker's compensation insurance covering the proffered work with Defendant's crew during the north Florida sweet corn harvest. Instead, Defendant and his agents intentionally and deliberately led Plaintiff to believe that the north Florida job would be covered by worker's compensation insurance, as required by Florida law and as had been the case when the Plaintiff worked with Defendant's crew in south Florida.

35. Had he been informed in writing in Haitian Creole that worker's compensation insurance was not being provided with respect to the north Florida sweet corn harvesting job with Defendant's crew, Plaintiff would not have accepted Defendant's offer of employment.

36. By his actions described in Paragraphs 34 and 35, Defendant knowingly provided Plaintiff with false or misleading information regarding the worker's compensation insurance to be provided with the north Florida job, in violation of the AWPA, 29 U.S.C. §1821(f), and its implementing regulations, 29 C.F.R. §500.77.

37. Defendant transported or caused Plaintiff and several dozen other farmworkers to be transported from Belle Glade to the area of Suwanee and Hamilton Counties, Florida.

38. Defendant employed Plaintiff for work harvesting sweet corn with Defendant's crew in the area of Suwanee and Hamilton Counties during June, 2015.. Plaintiff worked pulling corn ears from corn stalks and was paid on a piece-rate basis for this labor.

39. Throughout the time Plaintiff was employed with Defendant's crew during the 2015 north Florida sweet corn harvest, Defendant transported or caused Plaintiff to be transported on a daily basis between his temporary accommodations in the Live Oak area and the jobsite in various vehicles. Defendant failed to have an insurance policy or liability bond insuring him in the requisite amounts against liability for damage to persons and property arising from the transportation of Plaintiff in these vehicles, thereby violating the AWPA, 29 U.S.C. §1841(b)(1)(C), and its attendant regulations, 29 C.F.R. §§500.120 and 500.121.

40. Defendant failed to make, keep and preserve accurate records as required by the AWPA, 29 U.S.C. §1821(d)(1), and its attendant regulations, 29 C.F.R. §500.80(a), regarding Plaintiff's work during the 2015 north Florida sweet corn harvest. Among other things, Defendant's payroll records contained only a fraction of the labor performed by Plaintiff and included only a portion of his wages.

41. In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Defendant failed to provide to Plaintiff on each pay day during the 2015 north Florida sweet corn harvest with a written statement containing the data required to be disclosed under the statute and its implementing regulations. Among other things, the wage statements Defendant provided Plaintiff listed only a fraction of his earnings for the workweek and failed to show the number of pieces earned and the basis on which wages were paid.

42. Defendant failed to report to the Social Security Administration the full amount of Plaintiff's earnings during 2015 north Florida sweet corn harvest. Defendant reported only a fraction of Plaintiff's earnings to the Social Security Administration.

43. Defendant failed to report to the Florida Reemployment Assistance Program the full amount of Plaintiff's earnings with Defendant's crew during the 2015 north Florida sweet corn harvest.

44. By his actions described in Paragraphs 42 and 43, Defendant failed to pay Plaintiff his wages when due for work performed with Defendant's crew during the 2015 north Florida sweet corn harvest, in violation of the AWPA, 29 U.S.C. §1822(a), and its implementing regulations, 29 C.F.R. §500.81.

45. In or about June, 2015, Plaintiff suffered a serious work-related accident while harvesting sweet corn with Defendant's crew near Jasper. Only after he suffered his accident did Plaintiff learn that, in violation of Florida law, Defendant Gonzalez had not provided worker's compensation insurance covering Plaintiff's employment, as required by Florida law.

46. Because Defendant failed to provide worker's compensation insurance as required by Florida law, Plaintiff was unable to obtain medical and indemnity benefits to which he was entitled under Florida's worker's compensation laws.

47. Defendant Gregorio Gonzalez, Jr.'s violations of the AWPA as set forth in this count occurred as part of his regular business practices and were the natural consequences of his conscious and deliberate actions and were thereby intentional within the meaning of the AWPA, 29 U.S.C. §1854(c)(1)..

48. As a result of Defendant's violations of the AWPA and its attendant regulations as set forth in this count, Plaintiff has suffered damages, including the loss of Social Security, reemployment assistance and worker's compensation benefits to which he was entitled.

## COUNT IV

### Willful Filing of Fraudulent Information Returns

49. This count sets forth a claim for damages by Plaintiff for Defendant's willful filing of fraudulent information returns in violation of 26 U.S.C. §7434.

50. Defendant willfully filed W-2 forms containing fraudulent information regarding earnings of Plaintiff with Defendants during 2014 and 2015.. The W-2 forms filed by Defendant for Plaintiff listed only a portion of Plaintiff's actual earnings, the portion listed on Defendant's payroll records and the wage statements issued to Plaintiff. By filing the fraudulent W-2 forms, Defendant substantially reduced his obligation for payment of taxes pursuant to the Federal Insurance Contributions Ac, the Federal Unemployment Tax Act and the Florida Re-employment Assistance Act , as well as his worker's compensation premiums.

51. Plaintiff suffered injury as a result of the above-described acts of Defendant for which he is entitled to relief pursuant to 26 U.S.C. §7434. Among other things, the Social Security earnings records of Plaintiff were not properly credited with the wages for work with Defendant. In addition, because of Defendant's failure to list Plaintiff's full wages on the W-2 forms and to make corresponding income tax withholdings, Plaintiff is subject to substantial income tax liability.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter one or more orders:

a. Declaring that defendant violated the Migrant and Seasonal Agricultural Worker Protection act and its attending regulations as set forth in Counts I, II and III;

b. Granting judgment in favor of Plaintiff on his Count I claims under the Migrant and Seasonal Agricultural Worker Protection Act, and awarding Plaintiff his actual damages or $500 in damages for each statutory violation, whichever is greater;

c. Granting judgment in favor of Plaintiff on his Count II claims under the Migrant and Seasonal Agricultural Worker Protection Act, and awarding Plaintiff his actual damages or $500 in damages for each statutory violation, whichever is greater;

d. Granting judgment in favor of Plaintiff on his Count III claims under the Migrant and Seasonal Agricultural Worker Protection Act, and awarding Plaintiff his actual damages or $500 in damages for each statutory violation, whichever is greater;

e. Granting judgment in favor of Plaintiff on his claims relating to Defendant's willful filing of fraudulent information forms as set out in Count IV, and awarding him $5,000 in statutory damages in accordance with 26 U.S.C. §7434(b);

f. Awarding Plaintiff a reasonable attorney's fee pursuant to 26 U.S.C. §7434 and §448.08, Fla. Stat;

g. Awarding Plaintiff the costs of this action; and

h. Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

Sara Mangan, Trial Counsel
Florida Bar Number 0112071
Florida Rural Legal Services
3210 Cleveland Ave, Suite 101
Fort Myers, FL 33901
Telephone: (239) 334- 4554, ext. 4113
Facsimile: (239) 334 - 3042
e-mail: sara.mangan@frls.org

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2017, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will automatically send a notice of electronic filing to counsel for the Defendant at:

Shaina Thorpe, Esq.
112 North East Street, Suite A
Tampa, Florida 33602
Telephone: (813) 400-0229
Fax: (813) 944-5223
E-mail: Shaina@thorpelawyers.com

_____
Attorney for Plaintiff