UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITIL DORSELI, RENE JOLTIUS,
GELCILIA    THELEMARC,    and
NERIUS JOLTIUS,

      Plaintiffs,

v.                                    Case No:  2:17-cv-37-FtM-99CM

GREGORIO    GONZALEZ,    JR.,
GREGORIO GONZALEZ, SR., and
GSH LABOR MANAGEMENT, LLC,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendants Gregorio
Gonzalez, Jr. and Gregorio Gonzalez, Sr.'s Motions to Dismiss Third
Amended Complaint (Docs. ## 40, 46) filed on July 28 and September
25, 2017.  Plaintiffs filed Responses in Opposition (Doc. ## 42,
49) on August 11, 2017 and September 19, 2017.[1]  For the reasons
set for the below, the Motions are granted in part and denied in
part.

**I.**

Plaintiffs are migrant and seasonal farmworkers seeking
damages, injunctive, and declaratory relief for violations of
certain provisions of the Migrant and Seasonal Agricultural Worker

_____

[1] Defendants' Motions to Dismiss (as well as plaintiffs'
Responses) are virtually identical.

Protection Act, 29 U.S.C. §§ 1801–72 (AWPA) and the Internal Revenue Code, 26 U.S.C. § 7434. (Doc. #35.) Defendant GSH Labor Management, LLC was a farm labor contracting business[2] operated by defendants Gregorio Gonzalez, Sr. and Jr. (collectively, "defendants"). Plaintiffs were transported by defendants to locations in Palm, Suwanee, and Hamilton County, Florida (north-central Florida) from 2014-2016 to harvest sweet corn. The Gonzalez's are residents of Hendry County, Florida.

Plaintiffs allege that defendants violated the AWPA by failing to pay their wages when due, resulting in plaintiffs receiving less than the wages that they were owed, and failing to include in their payroll records the full amount of earnings, resulting in earnings being underreported to the Social Security Administration and the Florida Reemployment Assistance Program. (Doc. #35, ¶ 2.) Defendants failed to provide plaintiffs with a written disclosure of the terms and conditions of the proffered employment as required by the AWPA, including required information regarding the workers' compensation insurance coverage with respect to their employment. (Id.) Defendants transported plaintiffs in vehicles that lacked insurance or sufficient insurance coverage for personal injuries and property damage as required by the AWPA. (Id.) Defendants also willfully filed

---

[2] GSH administratively dissolved in 2016. (Doc. #35, ¶ 13.)

fraudulent IRS Forms W-2 for plaintiffs that underreported plaintiffs' wages, resulting in tax liability for plaintiffs, and affecting plaintiffs' ability to claim Social Security benefits. (Id. at ¶ 3.)

Although defendants concede in their Motions that individual liability can exist under the AWPA, they move to dismiss for failure to state a claim, arguing that the Third Amended Complaint fails to set forth sufficient allegations to support individual liability that they are "employers" under the AWPA because there are no allegations that they exercised day-to-day control over plaintiffs' employment with defendants, such as setting their schedules or determining their rate of pay.  They also argue that the Third Amended Complaint is a shotgun pleading in the sense that each Count refers to "defendants" without specifically indicating what part each defendant played in the unlawful acts. Plaintiffs respond that the allegations are sufficient to state a claim for individual liability under the AWPA and that it is not necessary to name each defendant under each Count because GSH was a family-owned business operated jointly by Gonzalez Sr. and Jr.

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

to relief." Iqbal, 556 U.S. at 679.

**A. AWPA Claims**

The AWPA was passed in 1982 to provide minimum protections for migrant and seasonal agricultural workers, including provisions demanding accurate recordkeeping and timely and complete wage payments. See, e.g., 29 U.S.C. §§ 1821–23, 1831–32. In order "to assure necessary protections for migrant and seasonal agricultural workers," 29 U.S.C. § 1801, the statute imposes obligations on "agricultural employers," including those who recruit, solicit, hire, employ, furnish, or transport any migrant or seasonal farmworkers. 29 U.S.C. § 1802(2); 29 C.F.R. § 500.20(d). The AWPA expressly defines "employ" as synonymous with the term's use in the Fair Labor Standards Act. 29 U.S.C. § 1802(2)(5). Thus, an entity that employs agricultural workers under the FLSA necessarily employs the workers for the purposes of the AWPA and vice versa. Patel v. Wargo, 803 F.2d 632, 635 (11th Cir. 1986). Under the FLSA and the AWPA, one "employs" an individual if it "suffers or permits" the individual to work; a broad definition that furthers the remedial purposes of the statutes. 29 U.S.C. § 203(g), 1802(5); Antenor v. D&S Farms, 88 F.3d 925, 933 (11th Cir. 1996).

Here, plaintiffs allege that defendants were both registered and acted as farm labor contractors and that in exchange for monetary payment, defendants recruited, transported, and furnished

plaintiffs for employment harvesting corn at various farms, meeting the AWPA definition of employer.  (Doc. #35, ¶¶ 11-13.) Plaintiffs also allege that defendants had control over their pay, including tax withholdings.  (Id. at ¶¶ 2-3.)   Plaintiffs have alleged that defendants hired them, drove them to the fields, and paid them their earnings, all within the definition of an agricultural employer under the AWPA.   The AWPA places responsibilities on farm labor contractors and growers in order to protect migrant and seasonal workers form abuse and exploitation. Antenor, 88 F.3d at 930-31.  Defendants have cited no authority holding that they may not be held individually liable if they meet the definition of agricultural employer under the AWPA.  The Court finds the allegations sufficient in this regard.

Defendants also argue that the allegations under each Count are only against "defendants" and do not allege how each defendant was involved in the wrongdoing - a "shotgun pleading."  Plaintiffs respond that the Third Amended Complaint is not a shotgun pleading because defendants acted in concert to commit the alleged acts, but requests leave to amend if the Court thinks otherwise.

While generally a complaint that makes no distinction between defendants' liability is considered a shotgun pleading, a "complaint that can be fairly read to aver that all defendants are responsible for the alleged conduct" may refer to defendants collectively.  See Kyle K. v. Chapman, 208 F.3d 940, 944 (11th

Cir. 2000).   The Court agrees that such an approach makes sense in this case.   In section titled "Parties," plaintiffs have identified that each defendant is a farm labor contractor and that in exchange for monetary payment, each recruited, transported, and furnished plaintiffs and other migrant and seasonal workers for employment harvesting corn.   (Doc. #35, ¶¶ 11-12.)   Thus, the Third Amended Complaint will not be dismissed as a shotgun pleading.

**B. IRS Claim**

Count VII alleges willful filing of fraudulent information returns in violation of 26 U.S.C. § 7434[3], against all defendants. Plaintiffs allege that the W-2 forms filed by defendants listed only a portion of their actual earnings, which substantially reduced defendants' obligation for payment of certain taxes and worker's compensation premiums.   (Doc. #35, ¶¶ 90-91.)

There are three elements to a Section 7434 claim: (1) that the defendant issued information returns; (2) the information returns were fraudulent; and (3) defendant willfully issued the

---

[3] The statute states:

If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

26 U.S.C. § 7434(a).

returns.  Leon v. Tapas & Tintos, Inc., 51 F. Supp. 3d 1290, 1297–98 (S.D. Fla. 2014).

The parties generally do not dispute the first element[4], but defendants seek dismissal of Count VII on the grounds that plaintiffs fail to allege facts that show that defendants fraudulently filed returns with the Internal Revenue Service, or that they may be held personally liable.  In particular, defendants argue that plaintiffs have not pled which of the defendants' names, if any, were on the W-2 forms, who filed them, or what facts support the allegation that the conduct was willful.

"Whether innocent or deliberate, the payor's filing of the wrong form establishes no liability under Section 7434 unless the form willfully misstates the payee's income."  Tran v. Tran, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017).  Here, plaintiffs allege in a conclusory fashion that defendants willfully filed W-2 forms containing fraudulent information regarding plaintiffs' earnings, but offer little other factual detail.  Simply stating that defendants willfully issued the fraudulent forms offers more of a legal conclusion than factual allegations.  "To prove willfulness, the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to

---

[4] Under Section 6724(d)(1)(A), an information return is "any statement of the amount of payments to another person required by" the Internal Revenue Code.  Thus, an information return reports a payee's income.

flout the statute."   Id. (citing Cheek v. United States, 498 U.S. 192, 201-02, (1991) (explaining "willfulness" in a tax-fraud action)).

Federal Rule 9(b) requires that fraud be pled with particularity and the Court otherwise sees no authority that the heightened pleading requirement would not apply to tax fraud cases. Here, plaintiffs fail to allege any information regarding how the returns were false, or any other factual details regarding the returns that would tend to show any knowing and willful filing by either defendant.   Therefore, the Court will dismiss Count VII with leave to amend.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motions to Dismiss Third Amended Complaint (Docs. ##40, 46) are **GRANTED IN PART AND DENIED IN PART**.  The Motions are granted to the extent that Count VII is dismissed without prejudice with leave to file a Fourth Amended Complaint with **FOURTEEN (14) DAYS** of this Opinion and Order; otherwise, the Motions are denied.

**DONE and ORDERED** at Fort Myers, Florida, this ___27th___ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record